FILED
United States Court of Appeals
Tenth Circuit

**July 21, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROY D. SPENCER,

        Plaintiff - Appellant,

        v.

U.S. POSTAL SERVICE; JOHN E.
POTTER, Postmaster General,

        Defendant - Appellee.

No. 10-1029
(D. Ct. No. 08-CV-02249-KLM-MEH)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Roy D. Spencer appeals from the district court's order granting summary judgment in favor of defendant John E. Potter, Postmaster General of the United States Postal Service ("USPS"). We take jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1998, Mr. Spencer took the USPS entrance examination and applied to become a mail carrier.  In 2002, he was selected from the USPS register for a city carrier position, subject to the successful completion of a medical evaluation.  Upon completion of the evaluation, which included several physical examinations and multiple doctors' opinions, Mr. Spencer was not hired because he suffers from a chronic back injury that requires certain activity restrictions.

On February 10, 2009, Mr. Spencer filed a second amended complaint against the defendant under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq. ("the Act").  Mr. Spencer alleges that the USPS discriminated against him because of his chronic back injury, which he contends is a physical disability under the Act.  On December 29, 2009, the magistrate judge, sitting by consent of the parties, granted the defendant summary judgment, holding that Mr. Spencer failed to demonstrate a genuine issue of material fact concerning whether he was "disabled" under the Act.  Mr. Spencer now appeals.

"We review a grant of summary judgment de novo, applying the same standard as the district court."  *Hennagir v. Utah Dep't of Corr.*, 587 F.3d 1255, 1261 (10th Cir. 2009).  Summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

Mr. Spencer, proceeding pro se, raises the same arguments on appeal that he raised before the district court in response to defendant's motion for summary judgment.  He

contends that the evidence presented establishes a genuine issue regarding whether he is "disabled" under the Act. Specifically, he points to his Veterans Association disability rating and appears to argue, in the alternative, that the defendant regarded him as disabled. Additionally, Mr. Spencer argues that he was treated differently from other applicants for the city carrier position because of his back injury.

Our review of the record, the parties' appellate materials, and the relevant legal authority, however, compels us to agree with the decision reached by the district court. The magistrate judge did a thorough job of laying out the facts and correctly applied the law, and we see no reason to repeat the analysis here. Accordingly, we AFFIRM for substantially the same reasons set forth in the magistrate judge's order granting the defendant summary judgment.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge